IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NAPOLEAN Y., JR.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 3:22-CV-718 (RCY) |
| | ) |
| MARTIN O'MALLEY,[2] | ) |
| *Commissioner of the Social Security Administration*, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

THIS MATTER is before the Court on a Report and Recommendation ("R&R," ECF No. 22) from United States Magistrate Judge Summer L. Speight, filed on January 26, 2024, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment (ECF Nos. 16, 18), which Plaintiff and Defendant respectively filed on June 26, 2023, and July 27, 2023. Plaintiff objected to the R&R, and Defendant responded thereto. The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid this Court in its decisional process. E.D. Va. Loc. Civ. R. 7(J).

I.  **FACTUAL & PROCEDURAL BACKGROUND**

The immediate case involves Plaintiff's application for Social Security Disability Benefits under the Social Security Act (the "Act"). In Plaintiff's application, he alleged disability from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), he has been substituted for former Acting Commissioner Kilolo Kijakazi as the Defendant in this action.

vascular disease, chronic obstructive pulmonary disease ("COPD"), a blockage in his neck, diabetes, and hearing loss, with an onset date of September 1, 2018. The Social Security Administration denied Plaintiff's claim, both initially and upon reconsideration. An Administrative Law Judge ("ALJ") then held a hearing at Plaintiff's request and denied Plaintiff's application in a subsequent written decision. The ALJ followed a five-step evaluation process, pursuant to Social Security Administration regulations, in making the disability determination. *See Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) ("[T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work."); 20 C.F.R. § 404.1520(a)(4). Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), which was used during the remaining steps of the evaluation process. *See* 20 C.F.R. § 404.1520(a)(4), (e); 20 C.F.R. § 404.1545(a).

Based on the five-step process and a vocational expert's testimony, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. Plaintiff then sought review of the ALJ's decision in this Court.

The Magistrate Judge considered two challenges brought by Plaintiff: (1) that the ALJ violated applicable regulations by failing to provide sufficient reasons for rejecting Plaintiff's allegations regarding his ability to stand; and (2) that substantial evidence does not support the ALJ's determination that Plaintiff's acquired work skills were readily transferrable to a significant range of semi-skilled light work. The Magistrate Judge determined, with respect to the first issue,

that the ALJ did not commit any legal error and substantial evidence supported her decision. With respect to the second issue, the Magistrate Judge found that the ALJ again applied correct legal standards and that substantial evidence supports her transferability determinations.

Accordingly, the Magistrate Judge recommended to this Court that, pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On February 8, 2024, Plaintiff filed an Objection to the Magistrate Judge's R&R (ECF No. 23). Plaintiff claims that the Magistrate Judge's recommendation may not properly be adopted on either issue and asserts again that the ALJ's analysis fails to comply with applicable regulations. Accordingly, Plaintiff asks this Court to overrule the R&R, grant Plaintiff's Motion for Summary Judgment, and reverse and remand the final decision of the Commissioner.

## II.  STANDARD OF REVIEW

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, this Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is more than "a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))).

The Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"). "A factual finding by the ALJ is not binding [however] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III.  ANALYSIS

In response to Plaintiff's objections, Defendant argues that the Magistrate Judge properly concluded that substantial evidence supports the ALJ's findings and that the ALJ correctly applied applicable regulations. The Court agrees.

**A.  Plaintiff's First Objection**

Plaintiff argues that the ALJ's evaluation of Plaintiff's symptoms did not comply with

applicable regulations, specifically 20 C.F.R. § 404.1529 and SSR 16-3p, because the ALJ failed to provide sufficient reasons for rejecting allegations that Plaintiff's ability to stand in one place was limited to about ten minutes and he needed to change positions frequently because of numbness in his legs. Pl. Obj. 1, ECF No. 23. Plaintiff characterizes as conclusory the ALJ's assertion that "objective findings contained in the record, examination findings, [Plaintiff's] statements to providers for treatment purposes, and his admitted ability to perform a variety of daily tasks all suggest that these symptoms were not as severe or as limiting as [Plaintiff] claims." *Id*. at 2–3 (quoting Administrative Record ("R.") at 25. Plaintiff asserts that the ALJ ignored the applicable legal standards when she "offer[ed] no explanation for rejecting [Plaintiff's] testimony," Pl. Obj. 2–3, and instead "simply proceeded to summarize the evidence" without sufficiently identifying just which pieces contradicted Plaintiff's claims. *Id*. at 3.

The Court is not persuaded by Plaintiff's argument. The record shows that the ALJ reached her determination "for the reasons explained in [her] decision[,]" which she then proceeded to lay out. R. at 24. The ALJ's summary of the evidence is not bereft of specific comparisons and juxtapositions between Plaintiff's claims and the objective evidence in the record; indeed, the ALJ identified the following evidence that specifically "does not fully support disabling symptoms": the fact that "[physical] evaluations were unremarkable, with providers failing to describe abnormalities in gait, or to note that [Plaintiff] appeared tired or uncomfortable during appointments[;]" Plaintiff's "successful surgeries for his conditions[;]" the fact that "his care was conservative, consisting mainly of medications;" and finally, the activities of daily living that Plaintiff is able to perform on a regular basis. R. at 25.

Based on the foregoing, the Court finds that the ALJ's consideration of the available objective evidence, as well as her consideration of other evidence such as Plaintiff's medication-based treatment, his presentation to medical providers, and his daily activities, conformed with the

applicable legal standards set forth in 20 C.F.R. § 404.1529 and SSR 16-3p. Specifically, the ALJ did not perfunctorily "reject" Plaintiff's testimony, as Plaintiff claims. Rather, the ALJ properly weighed all the available evidence and ultimately concluded that Plaintiff's conditions did limit him; he was simply not as limited, in her opinion, as he himself claimed. *See* R. at 25 (assessing limitations that "account for [Plaintiff's] occasional shortness of breath and lower extremity numbness, but also consider the relatively unremarkable examination findings subsequent to surgeries"); 20 C.F.R. § 404.1529(c)(4) ("We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence."). Because the ALJ's conclusion rested on legally appropriate factors and was supported by substantial evidence, as recited above, the Court will not improperly engage in re-weighing the evidence to achieve Plaintiff's desired outcome.

      Plaintiff's first objection will therefore be OVERRULED.

**B.**     **Plaintiff's Second Objection**

      Plaintiff next objects to the Magistrate Judge's acceptance of the ALJ's step-five transferability conclusion. Plaintiff argues that 20 C.F.R. Pt. 404, Subpart P, App. 2, § 202.00(c) requires there to be "a significant range" of occupation options available to Plaintiff, given that he

is an individual of advanced age. Pl. Obj. 3. Plaintiff accordingly asserts that, because the Vocational Expert ("VE") in this case only identified three occupations suitable for Plaintiff's skill level and functional limitations, Plaintiff does not have a "significant range" of job opportunities available to him, and the ALJ misapplied § 202.00(c) to find otherwise. *Id*. at 3–4. In making this argument, Plaintiff primarily relies on two Ninth Circuit cases, *see id*. at 4, while also challenging the Magistrate Judge's independent regulatory interpretation.

Defendant argues, as he did before the Magistrate Judge, that the ALJ's finding that the three occupations identified by the VE existed in significant numbers in the national economy satisfied § 202.00(c)'s requirement that there be a "significant range" of appropriately skilled work available to deny a finding of disability. Def. Resp. 4–5; *see also* R&R 19 (summarizing the Defendant's argument). Defendant further points out that even the two Ninth Circuit opinions on which Plaintiff rests his argument do not establish that three occupations cannot be a "significant range of . . . work" sufficient to satisfy § 202.00(c). Def. Resp. 5. Instead, they simply rejected the proposition that one or two identified occupations were insufficient. *Id*. In contrast, Defendant highlights the Magistrate Judge's discussion of various other courts outside the Ninth Circuit that have held that even one occupation, if existing in sufficiently significant numbers, may satisfy the "significant range of . . . work" requirement. *Id*.

The Court ultimately agrees with the Defendant, and the Magistrate Judge, that the ALJ applied correct legal standards in conducting her transferability analysis and in finding that the three occupations identified by the VE satisfy § 202.00(c). Even if Ninth Circuit case law were controlling in this case (which it is not, as Plaintiff admits), the two cited cases do not in fact establish any rule that three occupations existing in various numbers in the national economy are insufficient to constitute a "significant range" of work within the meaning of § 202.00(c). As Defendant notes, *Lounsburry v. Barnhart* merely established that one occupation could not

constitute a range, 468 F.3d 1111, 1117 (9th Cir. 2006), while *Maxwell v. Saul* established that two occupations would not constitute a "*significant* range," 971 F.3d 1128, 1131 (9th Cir. 2020). These cases leave open the question of whether three occupations could qualify. And, given the weight of the other courts who—in contrast to the Ninth Circuit—have found that one occupation, existing in sufficient numbers, *can* constitute a "significant range" of work, *see* R&R 21–22 (collecting cases), the Court has no trouble concluding that the ALJ correctly found that the three occupations identified by the VE, collectively comprising 178,000 jobs nationally, satisfied § 202.00(c) by providing a sufficiently significant source of opportunity for Plaintiff to find work appropriate for his skill level and functional limitations.

Because the ALJ relied on VE testimony to identify three occupations into which Plaintiff could successfully transition and which existed in significant numbers in the national economy, R. at 27, the Court holds that the Magistrate Judge correctly found that ALJ applied correct legal standards in conducting her step-five transferability analysis. Plaintiff's Second Objection will therefore be OVERRULED.

## IV.   CONCLUSION

Having reviewed the record, Plaintiff's objections, and the Magistrate Judge's detailed R&R, this Court will overrule Plaintiff's objections to the R&R, grant the Commissioner's motion for summary judgment, and deny the Plaintiff's motion for summary judgment. Accordingly, the Court will adopt the Magistrate Judge's R&R.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: March 11, 2024